## PERKINS v. NUGENT, Sheriff and Tax Collector.

### No. 4654.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

John R. Hunter, of Alexandria, and Leslie L. Lacroix, of Colfax, for appellant.

Frank H. Peterman, of Alexandria, for appellee.

MILLS, Judge.

A. E. Perkins, sheriff-elect of Grant parish, qualified for and took over the office in May, 1929. Being defeated for re-election in the primary of January, 1932, he relinquished the office to W. L. Nugent on June 14, 1932. He brings this suit against his said successor to recover the sum of $860 for back salary as follows: March, 1932, $120; April, $300; May, $300; and June, $140. The petition alleges that these salary items were not paid because the sheriff's salary fund during the months named was insufficient owing to the suspension (by the terms of Acts Nos. 2 and 3 of 1932) of the collection of taxes for the year 1931 until October 15, 1932; that at the time of suit defendant had collected and placed in the salary fund fees amounting to $1,583.41, out of which plaintiff should be paid by preference the back salary alleged to be due him.

An exception that the petition disclosed no cause or right of action against him was filed by defendant and overruled.

Answering, with reservation of his rights under the exception, defendant contends that under the terms of Act No. 156 of 1920, which provides for the fixing and payment of the salaries of sheriffs and ex officio tax collectors, such an official can only be paid out of fees collected by him during his term of office, and has no claim for salary upon fees collected by his successor. In reconvention defendant demanded the sum of $138.26, the amount of two drafts drawn by the outgoing sheriff on the Bank of Montgomery, cashed out of the funds of the office, unpaid by the bank, and made good by defendant.

After due trial had, the lower court rendered judgment in favor of plaintiff for $110.-20, "for the amount of notices sent to the tax payers by said Perkins," and in favor of defendant on his reconventional demand. The judgment, by its silence, rejected the salary demands of plaintiff. From this judgment plaintiff alone has appealed.

The evidence adduced shows that plaintiff failed to receive the salary claimed because of the insufficiency of the salary fund. He testifies that this deficiency was due to the enactment of Acts Nos. 2 and 3 of 1932, postponing the collection of taxes. He admits that at the time the office was turned over to Nugent there was no balance in the sheriff's salary fund. Defendant shows that at the time the suit was filed his own claims for salary exceeded the amount in the fund, and that the fund owed the Colfax Bank & Trust Company a sum in excess of that on hand.

The only service rendered by Perkins toward the collection of the fees in the sheriff's salary fund at the time of the suit was the sending out of the notices; all the other steps required in the enforcement and collection of the taxes were performed by Nugent.

An examination of the Act No. 156 of 1920 discloses that its purpose is to provide for the fixing and payment of a compensation for sheriffs and ex officio tax collectors; that the annual salary of that official for the parish of Grant is fixed at $3,600; that all fees and other charges collected by this official shall be turned over to the parish treasurer and accounted for by him under the head of a "Sheriff's Salary Fund." Section 4 of the act reads:

"That the monthly salary and allowance of the Sheriff and Ex-officio Tax Collector shall be paid to him from the Sheriff's Salary Fund; provided that the aforesaid monthly salary and allowance shall not be drawn unless the same is in the Treasury to the credit of the Sheriff's Salary Fund; provided further, that if the salary and allowance of any month may not be drawn for the reason that the Sheriff's Salary Fund is insufficient, the deficit may be made up and drawn along with subsequent monthly salary allowances; provided further that under no circumstances shall the annual salary and allowances, as provided herein, exceed the total sum of fees and charges collected by the Sheriff and Ex-officio Tax Collector and in the Sheriff's Salary Fund, as aforesaid, including the sum of Five Hundred Dollars ($500.00) for each Representative the parish may have in the House of Representatives and commissions on licenses and taxes."

The act provides for a monthly adjustment

of the sheriff's salary, and for the disposal of any yearly excess of the fund, but makes no provision for the payment of back salary of the sheriff in the event that at the expiration of his office the fund is not sufficient to pay him in full. But it is provided in section 74 of article 7 of the Constitution of 1921:

"Until otherwise provided by the Legislature, the sheriffs and clerks of court shall receive salaries, compensation and expenses as now fixed by law; provided, that where, by provision of any law, the compensation of the sheriff, or of the clerk of court is by salary, the same as fixed shall be paid in full for each year."

It would then seem that a sheriff, under a fixed salary, is entitled to collect that salary in full out of some fund. Nowhere in the Constitution or in any act of the Legislature do we find, or are we referred to, any provision for the payment of such a deficit.

By the terms of Act No. 156 of 1920, fees and charges of the office of sheriff prescribed by law are collected by him and turned over to the parish treasurer to be accounted for by the said parish treasurer under the head of a "Sheriff's Salary Fund." The sheriff and ex officio tax collector draws his salary monthly from this fund by his own warrant on the parish treasurer, provided a sufficient amount is in the treasury to the credit of the sheriff's salary fund.

The "Sheriff's Salary Fund" is, then, a part of the funds under the control of the parish treasurer to be accounted for by him.

The present action is brought against the sheriff alone. Article 12 of the petition reads: "Petitioner further shows that he is entitled to judgment herein ordering and directing W. L. Nugent, the present sheriff and tax collector for the Parish of Grant, State of Louisiana, to draw checks on the Sheriff's Salary Fund for the payment of all the salary earned by petitioner during the months of March, April, May and up to June 14th, 1932, which petitioner was unable to collect prior to his going out of office; that said checks when drawn should either be made payable to petitioner or else properly endorsed and delivered to petitioner so that he can receive the money thereon when presented for payment."

In his prayer plaintiff asks for judgment against defendant recognizing his claim in the sum of $860 that he be paid this sum by preference out of the present sheriff's salary fund, and that defendant be ordered to draw checks on said fund for the amount of the judgment.

We think this case should have been disposed of on the exception of no cause of action, but, as defendant has not appealed or answered this appeal of plaintiff, we cannot review the action of the lower court on the exception.

The same questions are before us on the merits. Under the provisions of Act No. 156 of 1920, the sheriff has no control over the "Sheriff's Salary Fund" other than to collect the fees of his office, turn them over to the parish treasurer, and draw his warrants against this fund for his own salary and expenses. We fail to see how any valid judgment involving the distribution of this fund can be rendered against him alone, or how he can legally be required to draw warrants for the salary of his predecessor. The same holds true as to the cost of the notices.

All testimony offered to support the reconventional demand was objected to on the ground that, both parties being domiciled in Grant parish, it was not incidental to the main demand as required by article 375 of the Code of Practice. The checks on which the demand is based having been paid by Nugent, the obligation is purely personal to him, and is not connected with, or incidental to, the demands of plaintiff against the sheriff's salary fund.

We think this objection should have been sustained.

For the reasons above assigned, the judgment appealed from is reversed, and judgment is now rendered dismissing the suit of plaintiff and the reconventional demand of defendant as of nonsuit.