J. Ferdinand Asadie brought this suit against Percy D. Hebert, Sheriff of the Parish of St. John the Baptist and official custodian of the Sheriff's Salary Fund, and Jerome A. Hayes, Supervisor of Public Funds for the State of Louisiana, to recover out of the Sheriff's Salary Fund the sum of $1,225, representing back salary allegedly earned by him from December 1st, 1940 to August 5th, 1941 as deputy sheriff of the Parish under appointments made by Willie Duhe, former sheriff, and Dr. William F. Guillotte, acting sheriff, who were predecessors of the defendant, Hebert, in office.
Plaintiff's suit was dismissed by the lower court on an exception of no right or cause of action filed by the defendants. This appeal has been taken from the adverse decision.
In his petition, plaintiff alleges, in substance, as follows:
That, on March 1st, 1940, he was appointed deputy sheriff of the Parish of St. John the Baptist at a monthly salary of $150 by Willie Duhe, formerly sheriff of the Parish; that he performed the duties required of him as deputy sheriff from the date he was commissioned until August 5th, 1941, when Percy D. Hebert became sheriff of the Parish and dispensed with his services; that he was paid his salary out of the Sheriff's Salary Fund from March 1st, 1940 until the month of December 1940, at which time the defendant, Jerome A. Hayes, assumed control of the Sheriff's Salary Fund of the Parish and refused to recognize plaintiff's right to be paid; that, on February 8th, 1941, Willie Duhe resigned as sheriff of the Parish and that, in accordance with law, Dr. William F. Guillotte, Coroner of the Parish, assumed the duties of the sheriff's office; that, when Dr. Guillotte became acting sheriff, he immediately reappointed plaintiff as deputy sheriff and that plaintiff continued to act and perform his duties as such until August 5th, 1941, when Hebert, the present sheriff, took office. It is further averred that, in view of his appointment as deputy sheriff and the performance of the duties assigned to him, plaintiff is entitled to judgment against the defendants recognizing his claim against the Sheriff's Salary Fund of the Parish for the full amount of the salary earned by him for the period beginning December 1st, 1940 and ending August 5th, 1941. The prayer of the petition is for judgment accordingly and for an order directing the defendants, Hebert and Hayes, to recognize plaintiff's claim and requiring them to draw checks on the Sheriff's Salary Fund of the Parish for the amount for which judgment is sought.
The trial judge did not give written reasons for sustaining the exception of the defendants. However, we are told by opposing counsel in oral argument and in brief, that the judge was of the opinion that, since the prayer of the petition asks for judgment against the defendants personally and not in their official capacities, no cause of action has been alleged. If this was the view of the judge, it cannot be maintained because a casual reading of the petition makes it plain that plaintiff is not *Page 394 
contending that the defendants should be cast personally but he seeks judgment against them in their official capacities only and merely requests that they be ordered, as public officials, to pay the salary allegedly due him out of the Sheriff's Salary Fund. It is true that, in his prayer for judgment, plaintiff refers to the defendants individually and not as officials but, when the prayer is considered in connection with the allegations of the petition, there can be no doubt that the things he seeks to have the defendants ordered to do can only be performed by them in their capacities as public officers.
Defendants additionally assert that plaintiff's petition fails to state a cause of action against them for other reasons. It is said, on behalf of defendant Hayes, that plaintiff is without a cause of action against him because the suit is for the payment of back salary due plaintiff out of the Sheriff's Salary Fund; that Hayes is not the custodian of the fund and that plaintiff alleges that Hebert, the sheriff, is in sole possession of the fund to which he is entitled by law. See section 3 of Act No. 307 of 1940, superseding section 3 of Act No. 17 of 1938, which amended and reenacted section 3 of Act No. 156 of 1920.
This contention would ordinarily be well founded but it cannot be sustained in this case, in view of the charges made in plaintiff's petition which show that Hayes assumed control of the Sheriff's Salary Fund and that it was on his order that the salary payments to plaintiff were denied. Plaintiff alleges that Hayes took over the Sheriff's Salary Fund of St. John the Baptist Parish in December 1940 and that his salary for December 1940 and the succeeding months was not paid on the order of Hayes. This was done by Hayes by virtue of the power vested in him by section 6 of Act No. 307 of 1940 which provides, in substance, that, in the event of gross neglect on the part of any tax collector, the Supervisor of Public Funds and the State Auditor shall have authority to order the depository of the Sheriff's Salary Fund to withhold payment of the checks drawn against the fund until the neglect has been remedied. It is evident, from the allegations of the petition, that Hayes had charged the former sheriff, Duhe, with neglect in collections of fees and taxes and that, because of the charges, Hayes took complete control of the account in the Sheriff's Salary Fund. And, upon his order, he refused to have any checks issued to plaintiff in payment of his salary honored by the depository of the Salary Fund. Thereafter, on February 8th, 1941, when Sheriff Duhe resigned, Hayes, as Supervisor of Public Funds, was required under the law (see Act No. 280 of 1938) to take charge of the Office of Tax Collector for the Parish and assume full control of the Sheriff's Salary Fund until August 5th, 1941, when Hebert, the newly elected sheriff, took office. It was during this period, — that is, from December 1st, 1940 to August 5th, 1941, — that plaintiff was not paid his salary for which he now seeks recovery. And even though it be true that Hebert, the present sheriff, now has full custody of the Sheriff's Salary Fund, Hayes is the official who has refused to permit the payment of the salary which plaintiff claims to be due.
Viewed in this light, it will be readily seen that Hayes is not only a proper party defendant but a necessary party to the action as it seems obvious that, even though plaintiff obtained a judgment commanding Hebert to pay his salary out of the present Sheriff's Salary Fund, Hayes has the power, under section 6 of Act No. 307 of 1940, to prevent Hebert from complying with the judgment by ordering the depository of the Salary Fund to withhold the payment of any check drawn by Hebert to plaintiff's order. That the authority vested in Hayes by law would be again exerted by him is made apparent by plaintiff's petition which charges that Hayes had previously ordered, while he was in custody of the Sheriff's Salary Fund, that payment of plaintiff's salary be withheld. Therefore, if Hayes has a valid ground for the action taken by him, he should be made to justify it. In fact, we feel that, in view of plaintiff's charges, he is and should be the principal defendant to the litigation, as Hebert's joinder as party defendant is made possible only by the fact that he is presently the custodian of the Sheriff's Fund.
With respect to Hebert, his counsel maintain that the petition fails to state a cause of action against him for the reason that the taxes and fees collected by him as the present sheriff of St. John the Baptist Parish, and now on deposit in the Sheriff's Salary Fund, are not amenable to plaintiff's claim for salary due prior to the time Hebert took office. In support of this contention, reliance is placed in the *Page 395 
case of Perkins v. Nugent, La.App., 151 So. 819.
This point would be very forceful, if it be true, as Hebert contends, that all of the monies which comprise the Sheriff's Salary Fund have been collected by and are properly credited to his administration and that he has not received any funds from his immediate predecessors in office which are subject to plaintiff's claim. But evidence is required to establish the correctness of Hebert's assertion. It cannot be determined on an exception of no cause of action which addresses itself to the legal sufficiency of plaintiff's petition. Of course, if Hebert can prove on the trial of the case that he has not received or collected any funds which are due to the administrations of his predecessors, he should be dismissed for — it seems apparent that a new sheriff, upon taking office, should not be held liable for the debts contracted by his predecessor, unless he receives from the latter a balance in the Sheriff's Salary Fund or unless he makes collections which are properly due to the former sheriff.
By section 3 of Act No. 307 of 1940, which supersedes section 3 of Act No. 17 of 1938, amending and reenacting section 3 of Act No. 156 of 1920, a Sheriff's Salary Fund is created and the sheriffs of the various parishes are required to deposit all collections made by them in that fund. It is further provided that payments of the expenses of the office, salaries of deputies, etc., are to be paid out of the Sheriff's Salary Fund. But there is no provision of law, with which we are acquainted requiring a successor in office to pay the debts contracted by his predecessor unless he receives from the latter a balance in the Sheriff's Salary Fund or makes collections which would ordinarily inure to the administration of the former sheriff. This is the view announced by the Second Circuit Court of Appeal in Perkins v. Nugent, supra, relied upon by the defendants.
However, that case is not authority for the proposition that plaintiff does not state a cause of action against Hebert in the instant matter. There, a former sheriff was suing his successor in office for payment of back salary. Under section 3 of Act No. 156 of 1920, which was involved in the case, the Sheriff's Salary Fund was not under the control of the Sheriff but of the Parish Treasurer. The court held that, in these circumstances, an action against the sheriff would not lie, since he did not have custody of the fund and had no right to distribute monies from it in favor of his predecessor in office. Under the provisions of Act No. 156 of 1920, the conclusion reached by the court was unquestionably correct. But that act is not pertinent to this case because, by the amendment to section 3 in Act No. 17 of 1938 and Act No. 307 of 1940, the sheriff has now been given full control and custody of the Sheriff's Salary Fund. Therefore, until it is ascertained that the monies in the Sheriff's Salary Fund now kept by the defendant Hebert have been derived solely from the collection of taxes, fees, etc., made by him for the upkeep of his office and that he has not received any monies from the administrations of Sheriff Duhe and Coroner Guillotte (or has made no collections for and on account of their administrations), the question of Sheriff Hebert's duty to pay the plaintiff the alleged salary due out of the fund cannot be determined.
It is suggested by counsel for Hebert that, since plaintiff has not alleged that there is a balance in the Sheriff's Salary Fund due the administrations of Sheriff Duhe and Coroner Guillotte which can be subjected to his claim, his petition fails to state a cause of action.
We do not think that this contention is well founded for the reason that we presume that plaintiff is not in a position to make or prove such an allegation, whereas, Hebert, who has custody of the fund, can readily show whether he has received any monies from the administrations of his predecessors or the amounts that have been collected and placed in the Sheriff's Salary Fund which should be credited against the obligations incurred by them. The allegations of plaintiff's petition set forth that he has performed the duties of deputy sheriff under legal appointments and, if this is true, he is entitled to his salary which is a charge on the Sheriff's Salary Fund of Sheriff Duhe and Coroner Guillotte. Whether or not the defendant, Hebert, has any monies in his hands as successor in office to Duhe and Guillotte is a question of fact which addresses itself to the merits and, since plaintiff's claim is a charge against the Sheriff's Salary Fund, the burden of proof is upon Hebert, as custodian of the fund, to show that he has not received or collected monies which are legally subjected to the payment of the obligations contracted by his predecessors in office. *Page 396 
For the reasons assigned, the judgment appealed from is reversed, the exception of no right or cause of action filed by the defendants is now overruled and the case is remanded to the Twenty-Fourth Judicial District Court for the Parish of St. John the Baptist for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal are to be paid by the defendants, other costs to await the final determination of the case.
Reversed and remanded.