Dear Mr. Jagneaux:
You have requested our opinion regarding a Clerk's responsibility for deficits left by a previous clerk of court. Specifically, you ask whether:
 ". . . an out-going Clerk of Court is personally responsible for the present deficit or does the Clerk-Elect assume any deficit from the previous term."
As we have discussed by telephone, the previous Clerk of Court of St. Landry Parish is engaged in litigation regarding deficits, or alleged deficits, and liability therefore. We cannot render an opinion regarding her liability, as our office policy prohibits us from rendering an opinion on matters which are the subject of litigation. In order to adequately respond to your request, we must assume that deficits exist, but our opinion should not be construed as a comment upon the actual existence or non-existence of a deficit.
Our research revealed no reported cases or previously issued opinions which address the question of a clerk's responsibility for deficits left by his predecessor. This office has, however, issued opinions regarding the responsibility of sheriffs for debts left by their predecessors. Copies of Opinion of May 18, 1950 and Opinion Nos. 80-828 and 84-829A, are attached hereto. Those opinions are reinforced by the decision rendered in Asadie v. Hebert, 15 So.2d 392 (Orleans Ct. App. 1943) regarding a sheriff's liability for a deputy's claim for back salary, which salary accrued during the terms of previous sheriffs.
The defendant in the Asadie proceedings, Sheriff Hebert, opposed plaintiff's claim on the basis that taxes and fees collected by him, as the present Sheriff, and deposited in the Sheriff's Salary Fund, were not amenable to a claim for salary due prior to the time defendant took office. Although it reversed a lower court's judgment sustaining an exception of no cause of action filed on behalf of Sheriff Hebert, the appellate court stated:
 ". . . But there is no provision of law, with which we are acquainted requiring a successor in office to pay the debts contracted by his predecessor unless he receives from the latter a balance in the Sheriff's Salary Fund or makes collections which would ordinarily inure to the administration of the former sheriff. . . . Therefore, until it is ascertained that the monies in the Sheriff's Salary Fund now kept by the defendant Hebert have been derived solely from the collection of taxes, fees, etc., made by him for the upkeep of his office and that he has not received any monies from the administrations of Sheriff Duhe and Coroner Guillotte (or has made no collections for and on account of their administrations), the question of Sheriff Hebert's duty to pay the plaintiff the alleged salary due out of the fund cannot be determined."
Following the reasoning set forth in the Asadie opinion, it is the opinion of this office that a Clerk of Court is not required to pay the debts (resulting in a deficit) of predecessors, except to the extent the successor: 1) receives a balance in the Salary Fund, or 2) makes collections due to his predecessor's administration.
Your letter also made reference to what you believed were illegal transfers from the Advanced Deposit Fund into the Salary Fund, and you are concerned about your responsibility to the individual depositors.
Although it is unlikely that your office will make any collections of "advanced" deposits due your predecessor, it is our opinion that you will be responsible for paying deficits in the Advanced Deposit Fund to the extent that you receive a balance therein, or if money improperly transferred to the Salary Fund is made available to reimburse that account through collections made by you, that inure to the benefit of your predecessor.
In accordance with Opinion No. 84-829, a copy of which is enclosed herewith, we caution you against taking action which could be construed as an assumption of liability of your predecessor's debts.
You also requested our opinion as to whether or not you may refuse to take office on the day your term begins in order to protest the "non-resolution" of any deficits left by your predecessor. You have advised by phone that you did in fact take office, and we agreed that this question is now moot.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv