Dear Mr. Rives:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
Your request states the following issue for review:
 "Can a sheriff sign a contract whose terms extend past that of a Sheriffs' term? Examples of such contracts include maintenance contracts, fiscal agent agreements, various suppliers of services and supplies to the office."
Restated, your inquiry prompts review of whether a successor sheriff is legally obligated to assume the indebtedness created by the incumbent sheriff. We respond to your inquiry in the negative. Several opinions have been issued from this office addressing this issue. The authors concluded that a successor sheriff is not obligated to pay the debts of a predecessor unless he receives funds due his predecessor or receives a balance in the Salary Fund from his predecessor. This conclusion was based on the holding of the case of Asadie v. Hebert, 15 So.2d 392 (Orl. Ct. Ap. 1943). We also enclose copies of Attorney General Opinions Numbers 92-44, 91-259, and 80-828 which adhere to the decision.
However, please note the distinction regarding law enforcement districts made by the author in Attorney General Opinion Number 92-44. The author notes LSA-R.S. 33:9008 provides that the purpose of Title 33:9001 et. seq. is "to create special districts for the financing of the sheriff's office." LSA-R.S.33:9010 provides that borrowing under the terms and conditions of LSA-R.S. 33:1432(D) "shall constitute the incurrence of a special obligation debt by and of the sheriff and by and of the law enforcement district to which the sheriff's general fund is pledged." The law enforcement district has the power to borrow for up to ten years, secured by special ad valorem taxes, subject to State Bond Commission approval. See LSA-R.S.39:742.2(A).
In summary, and in response to your inquiry, a successor sheriff is not obligated to pay the debts of his predecessor unless he receives funds due his predecessor or receives a balance in the Salary Fund from his predecessor.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0132E