Dear Sheriff Marino:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for review.
You state a former sheriff of St. Charles Parish incurred legal costs which arose from his duties as Sheriff, subsequent to the term of his office. You further state that your internal auditor questioned the reimbursement of legal fees because of the age of the bills, as some of the bills are nearly 17 years old. You inquire whether there is any legal obligation to reimburse the sheriff for his payment of these legal expenses, given the age of these bills.
LSA-R.S. 33:1422 provides for expenditures authorized to be paid from the sheriff's salary fund and states, in part:
 "(A) A sheriff and ex officio tax collector shall pay from the Sheriff's Salary Fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties, including, but not restricted to, clerical expenses, the salary of the sheriff, and of all deputies, reasonable attorney fees for legal services, . . ." (Emphasis added).
The statute allows an incumbent sheriff to pay attorney's fees if he incurs legal costs in the performance of his official duties. Further, a successor sheriff is obligated to pay those outstanding debts (such as legal fees) of a former sheriff where the defense of the litigation is successful and the litigation arose out of the performance of the former sheriff's official duties. See Attorney General Opinion Number 76-1490. The successor sheriff is obligated to pay these debts incurred by a predecessor provided (1) the successor sheriff receives a balance in the Sheriff's Salary Fund, or (2) the successor sheriff makes collections due his predecessor's administration. See Asadie v. Hebert, 15 So.2d 392 (Orleans Ct. App. 1943); see also Attorney General Opinion Numbers 91-11, 78-301.
The situation you present is distinguishable in the sense that no legal fees were incurred or owed at the time you took office. This former sheriff was sued after his term had expired for acts involving his official duties during his tenure in office. He was successful in the outcome of the litigation, and personally paid for all legal costs incurred in his defense. He now seeks reimbursement from your office for these expenses.
This office has previously recognized that no statute clearly provides for reimbursement of attorneys fees in a civil case involving an officer of a local political subdivision, such as sheriff. However, this office has determined that the present sheriff may be relied upon to either pay for the defense or reimburse the former sheriff for reasonable attorneys fees. The implication is that because there exists no statutory requirement for reimbursement, the decision to reimburse is within the discretion of the present sheriff. To settle the matter equitably, the former sheriff ought to be reimbursed, since these expenses arose by virtue of his holding the office. See Attorney General Opinion Number 90-3.
We are of the opinion that no legal provision exists requiring reimbursement of these expenses, yet you may do so without violating state or constitutional authority. This conclusion is predicated on the assumption that, had the lawsuits been instituted while this former sheriff held office, the legal expenses would have then been properly payable under LSA-R.S. 33:1422. Payment of these legal expenses for the defense of a lawsuit strictly personal in nature would constitute a prohibited donation of public funds. LSA-Const. Art. VI § 14.
The claim of prescription may provide a basis for the denial of reimbursement. LSA-C.C. Art. 3499 states:
 "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."
Some of the billings submitted by the former sheriff may in fact be recognized as prescribed in a judicial proceeding. Because we have not been provided with information to the contrary, we assume from your correspondence that these judgments were rendered in the former sheriff's favor or dismissed well over ten years ago, and that prescription is not interrupted because of the pendency of any proceeding.
It has been suggested that an action for the recovery of attorney's fees paid by the former sheriff is subject to a three-year prescriptive period. LSA-C.C. Art. 3494 provides, in pertinent part:
 "The following actions are subject to a liberative prescription of three years:
 (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, . . ." (Emphasis added).
The words of a law must be given their general prevailing meaning. LSA-C.C. Art. 11. The term "emolument" is defined in the dictionary as "compensation or payment from an office or employment". See Webster's Dictionary II, Riverside Publishing Company, (1988). Our research reflects no jurisprudence interpreting "emolument" as including legal expenses incurred by a public official. The term is generally synonymous with a salary benefit to which the public official is entitled. For this reason, we find the three-year prescriptive period inapplicable herein.
We conclude that no statutory authority exists requiring a successor sheriff to reimburse a former sheriff for legal expenses incurred in the defense of litigation arising from the former sheriff's tenure in office. As a matter of equity, the former sheriff should be reimbursed for reasonable attorney's fees. Finally, an action for the reimbursement of these debts by the former sheriff may be prescribed by virtue of the ten-year prescriptive period codified in LSA-C.C. Art. 3499.
Should you have further questions in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0207E