SAUNDERS, Judge.
This is an appeal by Ernest D. Wooton, Sheriff of Plaquemines Parish, Louisiana, defendant-appellant, from a judgment in favor of plaintiff-appellee, First National Bank of Houma, and against the defendant, Ernest D. Wooton, in the amount of $1,225,000.00, together with legal interest from date of judicial demand and all costs.
Additionally, the trial court granted judgment in favor of defendants, Frank R. Bailey, Jr. and Richard H. Bailey, and against plaintiff, First National Bank of Houma (the Bank), dismissing plaintiffs demands.
Finally, the trial court held that the judgment dated January 16, 1987, against defendant, Frank R. Bailey, Jr., in the amount of $300,000.00 was deemed satisfied and the same was set aside and canceled.

FACTS

The trial court set forth the relevant facts, in its reasons for judgment, as follows:
“On August 18, 1983 and January 16, 1984, Mr. Bailey signed continuing guaranty agreements to insure payment of two *589 promissory notes made by Century Mineral Corporation (hereinafter referred to as Century). In January, 1986, suit was filed against Mr. Bailey.
In March of 1987, certain assets belonging to Century were sold and purchased by the plaintiff for an amount less than the balance due on the two notes. Prior to the sale, upon Century’s failure to appoint an appraiser, one was appointed by Plaque-mines Parish Sheriff Ernest Wooten. An appraisal was also made on behalf of FNB of Houma. Because these two appraisals differed slightly, Sheriff Wooton appointed a third appraiser.
Sheriff Wooten was later named a defendant by the bank, which contended that if the existing debt was due to improper appraisals, then the Sheriff was liable to the plaintiff because he appointed the two appraisers.
Similarly, Frank Bailey, Jr. alleges that the appraisals conducted by the sheriff-appointed appraisers were defective and as a result, the debt had been extinguished.”

ASSIGNMENTS OF ERROR

Ernest D. Wooton, Sheriff of Plaquemines Parish, is the sole appellant.[1] The first issue argued by defendant-appellant, Ernest D. Wooton, was whether the trial court erred in failing to dismiss this suit due to the plaintiffs failure to comply with the mandatory venue requirements set forth in LSA-R.S. 13:5104. Insofar as we find that this suit should be dismissed due to plaintiffs failure to comply with the mandatory venue provisions for suits against political subdivisions of the state, any discussion as to appellant’s other assignments of error is pretermitted as unnecessary.

DISCUSSION

This suit was filed January 30, 1986, against Frank and Richard Bailey at their domicile, in the Fifteenth Judicial District Court for the Parish of Lafayette. The Bank then added Sheriff Wooton, in his capacity as Sheriff of Plaquemines Parish, as a defendant to the suit in Lafayette Parish on March 9,1988.[2] Sheriff Wooton, however, may only be sued in Plaquemines Parish.
LSA-R.S. 13:5104(B) provides that:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises. (Emphasis added.)
It is clear that the sheriff of a parish is a political subdivision of the state. See LSA-R.S. 13:5102(B).[3] The cause of action for negligence in appointing appraisers to appraise property located in Plaquemines Parish arises in Plaquemines Parish. Therefore, the only proper court to hear the suit against Sheriff Wooton is the Twenty-Fifth Judicial District Court in Plaquemines Parish.
Sheriff Wooton did not object during the proceedings below that the suit was instituted in an improper court. The failure to object, however, cannot defeat the legislative mandate contained in LSA-R.S. 13:5104(B). The rules of procedure which normally apply in suits between private parties, e.g., the requirement of filing an exception of improper venue, are superseded by the express terms of this particular statute under LSA-R.S. 13:5103, which provides for the determi *590 nation of procedural questions in suits against political subdivisions of the state. Under 13:5103, the normal rules applicable to suits against private parties apply “except as the contrary is specified in this Part.” Therefore, the mandatory requirement of the following section, 13:5104, that any suits against the Sheriff of Plaquemines Parish must be brought in Plaquemines Parish, supersedes the normal rules of procedure relating to determination of venue.
We were faced with this issue in a similar context in an unpublished writ denial in Floyd Lee Franques, etc. v. Evangeline Parish Police Jury, et al, (our docket No. 93-341, May 14, 1993). In Fmnques, the rela-tors sought writs from a trial court judgment which granted the respondent’s, Evangeline Parish Police Jury’s, motion to transfer the lawsuit from Jefferson Parish to Evangeline Parish. The motion to transfer asserted that the only proper venue in which to file suit against the Evangeline Parish Police Jury was Evangeline Parish. The trial court granted the motion and we denied writs.
In granting respondent’s motion, the issue presented was whether the venue provided in LSA-R.S. 13:5104(B), set forth above, was mandatory and non-waivable. In Franques, the police jury had answered the petition and begun discovery prior to the filing of the motion to transfer. Nevertheless, we held the trial court’s ruling to be correct, reasoning that the venue set forth in LSA-R.S. 13:5104(B) is mandatory arid non-waivable. Cf. James v. State Farm Mut. Auto. Ins. Co., 597 So.2d 555 (La.App. 1st Cir.1992) (venue for suit filed against state agency, unlike suit filed against political subdivision of state, is not mandatory and, therefore, could be overruled as untimely and waived. LSA-R.S. 13:5104(A)).
The legislative history of LSA-R.S. 13:5104(B) makes it clear that the requirement of maintaining suit against a political subdivision of the state only in the parish where the subdivision is located, or where the cause arises, cannot be waived. LSA-R.S. 13:5104(B) formerly used the permissive word “may,” but was amended in 1985 to expressly provide that all suits “shall” be instituted only before the district court in the parish where the subdivision is located, or where the cause arises. While this language is clear and unambiguous, any doubt as to the mandatory nature of the amended statute is dispelled by referring to the minutes of the Seriate Committee on Judiciary, Section C, of June 18, 1985, in discussion of the proposed change of the permissive word “may” to the mandatory word “shall.” The minutes provide in part that:
.... The proposed legislation would provide that the suits shall be in the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises. Present law gives the election to the petitioner as to the parish in which the suit will be filed. Prior to 1960 a party could only file a suit against the state or political subdivision if the legislature enacted legislation authorizing that particular lawsuit. In 1960 the legislature waived governmental tort immunity and liability. Mr. Bowes stated that it was his understanding, and has been with many of the district courts, that it was actually legislative intent to provide venue only in the parish of that particular subdivision, and this is an effort to clarify that understanding. (Emphasis supplied in original.)
We note further that the digest of the bill prepared by the . House Legislative Services states that the proposed law “mandates” that venue “shall” be in the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises. It thus seems clear that, as a matter of law, the only proper court in which this suit against the Sheriff of Plaquemines Palish may be entertained is the Twenty-Fifth Judicial District Court in Plaquemines Parish. The requirement that a petitioner may sue a political subdivision only in the parish of that particular subdivision is clearly a mandatory process of law.

CONCLUSION

Pursuant to the above authority, we find that venue pursuant to LSA-R.S. 13:5104 is *591 non-waivable. Accordingly, we hereby vacate that portion of the trial court’s judgment granted in favor of First National Bank of Houma, plaintiff-appellee, and against Ernest D. Wooton, Sheriff of Plaquemines Parish, defendant-appellant, and remand this action to the 15th Judicial District Court for the Parish of Lafayette. Further, we hereby order the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette to transfer this action to the 25th Judicial District Court for the Parish of Plaquemines for further proceedings consistent with this opinion.
VACATED IN PART; REMANDED WITH INSTRUCTIONS.

. Frank R. Bailey, Jr. and Richard H. Bailey are not parties to this appeal.

. The suit by the Bank against the Sheriff alleges that in the event that the court finds the appraisal was defective and, as a result, the Bank loses its right to proceed against Bailey, then the Sheriff is liable to the Bank because of the defective appraisal performed by the Sheriff.

.LSA-R.S. 13:5102(B) states:
B. As the term is used in this Part, "politi-. cal subdivision” means any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.