IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30802
Summary Calendar
_____


JERRY DOUGLAS POWE, JR.,

Plaintiff-Appellant,

versus

STEVEN E. MAY, in his official capacity
as Sheriff of Caldwell Parish,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 00-CV-2035)
_____
March 3, 2003

Before REAVLEY, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Jerry Douglas Powe, Jr., former deputy sheriff of Caldwell Parish, Louisiana,

sued Steven E. May, current Sheriff, for violations of the Fair Labor Standards Act,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

29 U.S.C. § 201 et seq. The alleged violations occurred during the tenure of former Sheriff Charles Thompson. The sole issue presented by this appeal is whether the district court correctly determined Sheriff May cannot be held liable for the acts of his predecessor under the successorship doctrine. We affirm for the following reasons:

1. A sheriff in Louisiana must pay the salary debts of his predecessor if, upon taking office, he (1) receives a balance in the Sheriff's Salary Fund (also known as the "General Fund") or (2) makes collections which are properly due to the former sheriff. Asadie v. Hebert, 15 So. 2d 392, 395 (La.Ct.App., Orleans 1943). May provided summary judgment evidence, which Powe has failed to rebut, that the General Fund's liabilities exceeded its assets when May took office, and that he does not expect to collect any other funds due Sheriff Thompson. Thus, the Louisiana successorship doctrine does not create liability on the part of Sheriff May.

2. Because we find that liability under the federal successorship doctrine is inappropriate in this case, we assume without deciding that the doctrine applies to the FLSA. There are three main criteria for imposing successor liability: (1) a substantial continuity of business operations from the previous entity to its successor; (2) notice to the successor; and (3) the successor's

ability to provide relief. Rojas v. TK Communs., 87 F.3d 745, 750 (5th Cir. 1996). There is insufficient continuity between Sheriff Thompson's administration and Sheriff May's administration to justify the imposition of successor liability. Under the Louisiana Constitution, the office of Sheriff is created by the election of each individual Sheriff, and it expires once that individual's term expires. See LA. CONST. art. 5, § 27. Moreover, every sheriff in Louisiana is a political subdivision unto himself, and there is no such thing as a "Parish Sheriff's Department" or "Parish Sheriff's Office". First Nat'l Bank v. Bailey, 625 So. 2d 588, 589 (La.Ct.App. 3 Cir. 1993) (citing LA. REV. STAT. § 13:5102(B)), rev'd on other grounds, 633 So. 2d 159 (La. 1994); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236, 238 (La.Ct.App. 3 Cir. 1977). Finally, although an incoming Sheriff may spend whatever unallocated assets were left by his predecessor, under Louisiana law his liability for his predecessors debts is limited by the amount of those assets. There is no continuity of assets, because each Sheriff is responsible for raising and spending his own funds. Considering the above factors, we cannot conclude there is continuity between the two Sheriffs' administrations sufficient to trigger successor liability under federal law.

3. We find no fault with the district court's balance of the equities in this case.

3

Imposing successor liability would hinder Sheriff May's ability to police Caldwell Parish. Sheriff May cannot levy taxes to satisfy a judgment without voter approval, forcing him to make budget cuts. The interests of the people of Caldwell Parish are best served by holding each sheriff responsible for his own debts. The policies underlying the FLSA are also best served by not imposing successor liability. Sheriffs will be deterred from violating the FLSA because they will remain liable after their term of office expires. Additionally, imposing liability on a succeeding sheriff will not deter FLSA violations because responsibility for the misconduct would be passed on to his successor. Therefore, we agree with the district court that the successorship doctrine should not apply. As Powe may not sue Sheriff May for the misconduct of Sheriff Thompson, summary judgment was appropriate.

AFFIRMED.