Dear Sheriff Ackal and Mayor Curry:
Both of your requests for an Attorney General's Opinion have been assigned to me for research and reply. You both have asked for clarification on several of issues surrounding a number of contracts executed by your predecessors.
The Sheriff has asked for our opinion on matters related to two (2) ten-year contracts. The Sheriff has indicated that neither of the contracts provide a profit or positive financing for his office. The Sheriffs opinion request describes the two (2) contracts as follows:
 1. Work Release Contract / Lease. The previous sheriff, on behalf of the Law Enforcement District, entered into a lease agreement between the Iberia Parish Law Enforcement District and a private corporation to lease a building at the rate of $30,000.00 per month. This lease has a termination date of January 31, 2012. The former sheriff then entered into a contract with the Louisiana Department of Corrections ("DOC") to house state prisoners for a work release program. The lease agreement provides that even in the event the Sheriff office loses its contract with DOC, the contract shall continue until the termination date.
 2. City of New Iberia Law Enforcement Cooperative Endeavor Agreement / Services. The previous sheriff, on behalf of the Iberia Parish Law Enforcement District, executed a cooperative endeavor agreement with the City of New Iberia to provide law enforcement services. This agreement does not expire until June 30, 2014. You indicate that the agreement is vague in many respects. However, you believe that the manpower required to provide the services listed in the *Page 2 
agreement far exceeds the force of "no fewer than 55 officers" as stated in the agreement. Further, you state that during the first six months in office, you have done everything you can to comply with the terms of the agreement. However, due to hurricanes and other calamities, many of the costs associated with the agreement have sky-rocketed beyond anything that could have been reasonably anticipated when the agreement was executed in July, 2004. According to your accountants, your office will lose $1,500,000.00 under the terms of the agreement for the fiscal year July 1, 2008 to June 30, 2009.
Specifically, the Sheriff has asked for our opinion on the following questions:
 1. With respect to the Work Release Contract / Lease, you ask whether the lease agreement is binding under La.Rev.Stat. 33:9001, or any other statute, or whether the contract may be terminated if the Department of Corrections cancels the separate contract for work release, or cannot provide enough inmates to make the venture profitable.
 2. With respect to the Law Enforcement Cooperative Endeavor Agreement (CEA) with the City of New Iberia, you ask whether a sheriff can obligate his successor to an unprofitable contract by use of the Law Enforcement District under La.Rev.Stat. 33:9003 or any other revised statutes.
The Mayor has asked for our opinion on the legality of an Intergovernmental Agreement executed by the City of New Iberia and the Iberia Parish Law Enforcement District. This Intergovernmental Agreement gives the Iberia Parish Law Enforcement District the use of a City-owned building at no charge to the Law Enforcement District. According to the Mayor, the building has been appraised and it has been determined that the rental for a building of similar size and nature would be approximately $82,000 a year. The Mayor questions whether such an Intergovernmental Agreement violates the constitutional prohibition against the gratuitous alienation of public property.
At the outset we note that each of the questions presented, and specifically the Sheriffs second question, refer to a Sheriffs ability to enter into a contract or lease, where the terms of such contract or lease purport to bind the Sheriffs successor. Our office has addressed this issue on a number of occasions.
Generally, we have drawn a distinction between contracts executed by the office of "Sheriff" versus those executed by a "Law Enforcement District". For example, in Attorney General Opinion No. 08-0072, we opined that:
 "A Sheriffs limited existence is also recognized in the doctrine which provides that contracts entered into by a Sheriff are not binding on his successor in office because a Sheriff may not contract beyond his term of *Page 3 
office. See Asadie v. Hebert, 15 So. 2d 392 (Orleans 1943); La Atty. Gen. Op. 829A. Because of this principle, La.R.S. 33:9001, et seq., was enacted to create a public entity known as the `Law Enforcement District' for each parish, separate from the Sheriff, which has perpetual existence and which is therefore capable of entering into obligations exceeding the term of a Sheriff."
In accord are: Attorney General Opinion No. 01-0129 (opining that a contract by the former sheriff would not be binding upon the newly elected sheriff), Attorney General Opinion No. 92-529 (opining that a successor sheriff is not obligated to pay debts of his predecessor unless he receives funds due his predecessor or receives a balance in the Salary Fund from his predecessor), Attorney General Opinion No. 98-303 (opining that a contract between a Law Enforcement District and owners of a private detention facility may bind the district and any subsequent ex officio chief executive officer of the district when the term of the contract extends beyond the expiration of the term of the current ex officio chief executive officer of the district), Attorney General Opinion No. 90-641 (opining that a contract between the Law Enforcement District and private owners of detention facilities to manage the facility is binding for term of contract, not term of incumbent sheriff) and Attorney General Opinion No. 88-637(A) (opining that the Intergovernmental Agreement between the police jury and Law Enforcement District of Avoyelles Parish is binding upon the successors in office of both the Police Jury and the Law Enforcement District pursuant to the terms of the agreement).
Taking all of this into consideration, we observe that each of the contracts at issue were executed by the Iberia Parish Law Enforcement District. The provisions of La.Rev.Stat. 33:9001, et. seq. are therefore applicable. As previously recognized by this office, Law Enforcement Districts have perpetual existence and are capable of entering into obligations exceeding the term of a Sheriff. As a consequence, the execution of a contract by a Law Enforcement District for a period of time that exceeds or extends beyond the term of a Sheriff is not illegal per se. In fact, La.Rev.Stat. 33:9004(B) specifically provides:
 § 9004. Additional powers
 B. Any contract, agreement, lease, sublease, obligation, management agreement, or other instrument entered into by the law enforcement district shall be legal, valid, and binding upon the district, including any subsequent ex officio chief executive officer of the law enforcement district, notwithstanding that the term of such contract, agreement, lease, sublease, obligation, management agreement, or other instrument extends beyond the expiration of the term of the current ex *Page 4 
for convenience provision and either a "non-appropriation" or "non-funding out" clause, in order to protect to the public fisc. In fact, as reflected on their websites, both the Louisiana Legislative Auditor and the Louisiana Office of Contractual Review recommend and encourage the use of termination for convenience clauses and "non-appropriation" clauses in Cooperative Endeavor Agreements.
As such, it is our opinion that due the existence of the penalty clause in the Work Release Contract / Lease, and the absence of a termination for convenience clause and reciprocal "non-appropriation" or "non-funding out" clauses in any of the Agreements at issue, we believe each of the Agreements incurs "debt" as provided for in La.Rev.Stat.39:1410.60 and State Bond Commission approval is required for each of the Agreements.
It is our understanding that none of the Agreements were submitted to the State Bond Commission for approval. Accordingly, pursuant to La.Rev.Stat. 39:1410.63, we are of the opinion that the Work Release Contract / Lease, CEA, and Intergovernmental Agreement are null and void and non-binding on the office of the Sheriff, the Law Enforcement District, or the City of New Iberia.
We trust this adequately responds to both of your requests. If either of you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt