Dear Mr. Smith:
You have requested an opinion of this office regarding whether the Calcasieu Parish Sheriff ("Sheriff") can enforce a parish ordinance establishing civil penalties for violation of the ordinance, whether the violation occurred in the unincorporated areas of the parish, or in the incorporated municipalities within the parish.
Specifically, the Calcasieu Parish Police Jury ("Police Jury") plans to enact an ordinance establishing civil penalties for drivers of motor vehicles who do not observe semaphore stop signs that extend from school buses as the drivers of the buses stop to unload students. Compliance with the semaphore stop signs would be monitored by video cameras installed on the outside of the school buses owned by the Calcasieu Parish School Board ("School Board").[1] The Police Jury would like to enter into an agreement with the Sheriff and the School Board whereby the Sheriff would enforce the civil penalties for drivers captured on camera failing to observe the semaphore stop signs on school buses.[2] *Page 2 
The primary issue is whether the Sheriff has the power to enforce an ordinance specifying civil, as opposed to criminal, penalties upon violation. The Sheriff is the chief law enforcement officer of the Parish. La.Const. Art. V, § 27. The Attorney General has previously opined that the use of civil fines in conjunction with photographic traffic signal system is merely an alternate method of law enforcement, and as such is a valid exercise of the police power of a municipality. La. Atty. Gen. Op. 07-0062. Furthermore, the duties of a sheriff in the State of Louisiana are not limited to criminal matters, but rather include a host of civil duties imposed on him as the executive officer of the district courts:
The sheriff is the executive officer of the district court.
He shall serve citations, summons, subpoenas, notices, and other process, and shall execute writs, mandates, orders, and judgments directed to him by the district courts, the courts of appeal, and the supreme court.
La.C.Civ.P. Art. 321; see also La.R.S. 33:1435 ("Each sheriff or deputy shall attend every court that is held in his parish, and shall execute all writs, orders, and process of the court or judge thereof directed to him."). We therefore find no reason to exclude the enforcement of civil penalties for violation of parish ordinances from the jurisdiction of the Sheriff as the chief law enforcement officer of the Parish.
The secondary issue raised in your request is whether the Sheriffs jurisdiction to enforce civil penalties extends to both the incorporated municipalities and the unincorporated areas of the parish. This office has consistently stated that the jurisdiction of a sheriff is "co-extensive with the boundaries of the parish". La. Atty. Gen. Op. 94-105. For matters arising within an incorporated municipality, the sheriff may exercise concurrent jurisdiction with the city police or refer the matter over to the city police entirely. Id., citing La. Atty. Gen. Op. 84-603. The Sheriff's jurisdiction to enforce civil penalties therefore extends to both the incorporated municipalities and the unincorporated areas of the parish.[3]
Therefore, it is the opinion of this office that the Calcasieu Parish Sheriff may enforce a parish ordinance establishing civil penalties for violations of the ordinance throughout the entire parish. *Page 3 
We trust that this opinion adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Sincerely yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _________________________ CHARLES W. BELSOM, JR. Assistant Attorney General
JDC:CWB:lrs
[1] This opinion does not address the ability of the Calcasieu Parish Police Jury to enact an ordinance governing the installation of video cameras on the exterior of a school bus in light of the state and federal regulations applicable to school buses and the equipment, apparatus, or signage thereof.
[2] With regard to any agreement contemplated by the Calcasieu Parish Police Jury, we note that there is no such legal entity as the "Calcasieu Parish Sheriffs Office" or "Calcasieu Parish Police Department"; rather, the Sheriff himself is the constitutionally designated chief law enforcement officer for the Parish. LibertyMutual Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So.2d 236
(La.App. 3 Cir. 1977). The Sheriff, as a constitutional officer, does not enjoy perpetual existence, and therefore "[c]ontracts entered into by a Sheriff are not binding on his successor in office because a Sheriff may not contract beyond his term of office." La. Atty. Gen. Op. 08-0072, citing Asadie v. Hebert, 15 So.2d 392
(Orleans 1943); and La. Atty. Gen. Op. 829A. Cf. La. Atty. Gen. Op. 09-0003.
[3] This opinion does not address the authority of the Calcasieu Parish Police Jury to enact ordinances with respect to public roads within incorporated municipalities of the Parish in light of La.R.S. 32:42.